UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| MICHAEL ANDREW KITCHEN-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:93-cv-792 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| RAYMOND TOOMBS, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint, filed *pro se*, set forth a number of claims against the defendants, including Eighth Amendment violations arising from excessive force and failure to provide necessary medical care. By opinion and order entered July 18, 1995, Judge Douglas W. Hillman granted defendants a partial summary judgment, but allowed plaintiff's Eighth Amendment excessive force claim against defendants Ninko and McQuillan to proceed. (docket #s 67, 68). As the case proceeded towards trial, Judge Hillman asked attorney Reynolds Brander to represent plaintiff on a *pro bono* basis. (Order Appointing Counsel, docket # 76). Before the time of trial, the parties filed a stipulation for dismissal and proposed order. Judge Hillman entered the order of dismissal on January 22, 1996. (docket # 89). The order provided simply that the case was dismissed with prejudice and without costs to either party.

On January 21, 2011, Attorney Brander (although now retired) filed a motion to enforce the settlement agreement that apparently underlay the dismissal. The motion indicates that

plaintiff sought Mr. Brander's help in enforcing the settlement agreement underlying the dismissal. In an admirable display of perseverance to duty, after fifteen years, Mr. Brander accepted. Counsel's motion recites that the settlement agreement made certain provisions concerning disciplinary credits and alleges that the Department of Corrections has violated the settlement agreement by failing to expunge misconduct charges and restore disciplinary credits. For relief, counsel asks that the court order defendants to comply with the settlement agreement by expunging disciplinary findings and restoring disciplinary credits, as allegedly provided for in the settlement agreement.

After Judge Hillman's retirement and subsequent death, his former cases have been assigned to his successor, the Honorable Janet T. Neff. (Administrative Order 09-19).

**Discussion**

The federal courts are of limited jurisdiction. They possess only that power authorized by the Constitution and federal statutes. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010). The district court has the obligation to raise a lack of subject-matter jurisdiction on its own motion. *See Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010); *see also Freeland v. Liberty Mut. Fire Ins. Co.*, No. 10-3038, ___ F.3d ___, 2011 WL 338039, at * 1 (6th Cir. Feb. 4, 2011) (raising jurisdiction *sua sponte* and directing the lower court to dismiss the action because it was "exactly one penny short of the jurisdictional minimum of the federal courts"). In this case, it is clear that the court lacks jurisdiction over this enforcement action.

Plaintiff's request for enforcement of the settlement agreement underlying the dismissal of these cases is governed by *Kokkonen v. Guardian Life Insurance Co. of America*, 511

U.S. 375 (1994). In *Kokkonen*, the Court unanimously recognized that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." 511 U.S. at 378. The federal court action in *Kokkonen* was closed by a simple order of dismissal based upon the existence of a settlement agreement. The Court observed that the underlying cause of action had been extinguished by the order of dismissal, and that the motion to enforce the settlement agreement "involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal lawsuit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute." *Id.* at 381. The Court therefore held that a simple order of dismissal was insufficient to invoke federal jurisdiction to resolve a dispute involving the settlement agreement underlying the dismissal. However, the Court noted that:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

*Id.*

Since *Kokkonen* was decided, the Sixth Circuit requires a "reasonable indication" that the district court has retained jurisdiction. *RE/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 643 (6th Cir. 2001). This can be accomplished in a number of ways. As suggested in *Kokkonen*, the order of dismissal can "retain jurisdiction" over the matter for purposes of enforcing the settlement agreement. 511 U.S. at 381. Alternatively, the order of dismissal may incorporate the terms of the settlement agreement. *Id.* Or, the district court may properly retain jurisdiction by including language in its dismissal order "that gives the parties the right to reopen the judgment" if a settlement

is not consummated within a particular stated time. *RE/Max*, 271 F.3d at 643; *see, e.g., Moore v. United States Postal Serv.*, 369 F. App'x 712 (6th Cir. 2010) (*per curiam*) (district court had jurisdiction to enforce settlement agreement, because dismissal order included a provision retaining jurisdiction over motion to reopen action if settlement was not consummated).

In the present case, the action was terminated by a simple order of dismissal with prejudice and without costs. This is precisely the kind of order that the *Kokkonen* Court held was insufficient to create ancillary jurisdiction over a subsequent dispute concerning the underlying settlement agreement. There is no "reasonable indication" that the court retained jurisdiction in any of the ways recognized as effective by the *Kokkonen* Court or subsequent Sixth Circuit cases. Consequently, the dispute between plaintiff and defendants is one for breach of contract arising under state law. As both plaintiff and defendants are citizens of the State of Michigan, this court would not have diversity jurisdiction over the breach of contract action, 28 U.S.C. § 1332(a), even assuming the existence of the requisite amount in controversy.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion to enforce settlement agreement (docket # 90) be DISMISSED for lack of subject-matter jurisdiction.

Dated: February 23, 2011            /s/ Joseph G. Scoville
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).